UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARTI R. SWITZER and RICK SWITZER, | Case No. 12-CV-1704 (PJS/LIB) |
| Plaintiffs, | |
| v. | ORDER |
| WALMART SUPERCENTER, | |
| Defendant. | |

Robert A. Parsons and Tracy N. Tool, BYE, GOFF & ROHDE, LTD., for plaintiffs.

Jerome D. Feriancek, THIBODEAU, JOHNSON & FERIANCEK, PLLP, for defendant.

Plaintiff Marti R. Switzer was injured when she tripped over an empty pallet while shopping at the Walmart Supercenter in Hermantown, Minnesota. Switzer and her husband Rick have sued Walmart, alleging that Walmart acted negligently in leaving the empty pallet in an aisle where customers could trip over it. This matter is before the Court on Walmart's motion for summary judgment. ECF No. 14.

Walmart argues that it cannot be held liable for the injuries resulting from Switzer's fall because the danger presented by the empty pallet was open and obvious. As Switzer points out, however, the fact that the danger was open and obvious does not end the inquiry. Minnesota courts follow the rule set forth in the Restatement (Second) of Torts § 343A (1965): "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness*" (emphasis added). *See also Peterson v. W. T. Rawleigh Co.*, 144 N.W.2d 555, 557-58 (Minn. 1966) (adopting the Restatement rule). When a possessor of land should anticipate a harm presented by an obvious

danger, the possessor has a duty to exercise reasonable care and "warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition . . . ." *Id*. at 558 (internal quotations omitted). "The issue of whether the possessor could have anticipated harm despite the obviousness of the danger posed is a question for the fact-finder." *Gilmore v. Walgreen Co.*, 759 N.W.2d 433, 436 (Minn. Ct. App. 2009) (citing *Olmanson v. LeSueur Cnty.*, 693 N.W.2d 876, 881 (Minn. 2005)).

The Court finds that a reasonable jury could conclude from the evidence in the record that Walmart should have anticipated the harm suffered by Switzer. Specifically, a jury could find that Walmart should have known that its customers would often not be looking at the floor while walking in shopping aisles, but would instead be looking at items on shelves, signs, displays, other customers, and the like. Indeed, it is likely that Walmart spends a great deal of time and effort in devising means to attract the attention of customers to items on its shelves — and a customer looking at an item on a shelf is obviously not looking at the floor. A jury could easily find that Walmart should have anticipated the possibility of an accident such as Switzer's and taken steps to prevent it. *See also Gilmore*, 759 N.W.2d at 435-37 (denying summary judgment to defendant where customer fell over an empty pallet on the floor of defendant's premises).[1]

Walmart's attempts to distinguish similar cases are unavailing. For example, Walmart points out that the plaintiff in *Gilmore* walked *forward* into the empty pallet over which he

---

[1] An illustration provided in comment f to § 343A of the Restatement (Second) of Torts is instructive: "The A Department Store has a weighing scale protruding into one of its aisles, which is visible and quite obvious to anyone who looks. Behind and about the scale it displays goods to attract customers. B, a customer, passing through the aisle, is intent on looking at the displayed goods. B does not discover the scale, stumbles over it, and is injured. A is subject to liability to B."

tripped, while Switzer stepped *backward* into the pallet over which she tripped.  Walmart contends that Switzer, unlike the plaintiff in *Gilmore*, thus failed to act with reasonable prudence, and that Walmart could not have anticipated that Switzer would act imprudently.  But Walmart conflates two different principles.  If the jury finds that Switzer failed to exercise reasonable care, Switzer's recovery might be eliminated or limited under the doctrine of comparative fault.  *See* Minn. Stat. § 604.01 (setting forth Minnesota's comparative-fault regime).  But the fact that Switzer may have been negligent does not mean that Walmart was not negligent.  As explained above, a jury could conclude that Walmart should have anticipated that customers would be distracted, and thus that those customers — whether moving forward, backward, or sideways — would not notice an empty pallet on the floor.  Because there is sufficient evidence in the record to conclude that Walmart failed to exercise reasonable care, Walmart's motion for summary judgment is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, defendant Walmart Supercenter's motion for summary judgment [ECF No. 14] is DENIED.

Dated: August  1 , 2013    s/Patrick J. Schiltz
                           Patrick J. Schiltz
                           United States District Judge